**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-30740**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DONALD A. DYER,**
**also known as Blabber,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CR-57)
_____

June 12, 2000

Before JONES and BENAVIDES, Circuit Judges, and WALTER[*], District
Judge.

PER CURIAM:[**]

Appellant Dyer convicted of heroin trafficking,
challenges the district court's assessment of a substantial
increase in his base offense level for sentencing purposes grounded
in Dyer's participation in two uncharged murders.  Dyer asserts
that the government failed to prove he participated in the murders
and failed to show they were "relevant conduct" for sentencing.

_____

[*]   District Judge of the Western District of Louisiana, sitting by
designation.

[**]   Pursuant to 5th Cir. R. 47 .5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Cir. R. 47.5.A.

See U.S.S.G. § 1B1.3. We disagree with the first contention but agree with the second and must therefore reverse and remand.

As to the first contention, it was not clearly erroneous for the district court to find that Dyer participated in, and did not simply have knowledge of, the murders of Kanes and Fernandez. The finding is supported inter alia by a reasonable interpretation of Dyer's secretly tape-recorded statements, interviews with Dyer's cellmate, and ballistics tests of Dyer's gun.

With regard to the second contention, however, there is insufficient evidence to find the murders were relevant conduct within the guidelines, i.e., part of the same course of conduct, common scheme or plan as the offense of conviction. United States v. Vital, 68, F.3d 114, 118 (5th Cir. 1995). "Offenses qualify as part of the same course of conduct if they are 'sufficiently connected or related to each other to warrant a conclusion that they are part of a single episode, spree, or ongoing series of offenses.'" United States v. Ocana, 204 F.3d 585, 589-90 (5th Cir. 2000) (quoting § 1B1.3 Application Note 9(b)). The appropriate factors to weigh to determine whether the offenses are sufficiently connected or related include "the degree of similarity of the offenses, the regularity of the offenses, and the time interval between the offenses.'" Id. at 590. "When one of the factors is absent, a stronger presence of at least one of the other factors is required." Id.

A careful review of the PSR and sentencing hearing persuades us that the only above-referenced factor present in this case is temporal proximity of the murders to Dyer's heroin offense. The government charges Dyer with repetitive conduct involving drugs and violence. But the record does not connect these murders to Dyer's drug trafficking or to the robberies and murders of drug-dealing associates that Dyer contemplated. Lacking any other evidence than temporal proximity to demonstrate that these murders were part of the same course of conduct, common scheme or plan as the offense of conviction, we must vacate this relevant conduct enhancement. In so ordering, we need not and do not rule on the applicability of an upward departure, which may be urged at re-sentencing.

For these reasons, the sentence is VACATED and the case REMANDED for re-sentencing consistent herewith.

**VACATED** and **REMANDED**.